**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
HIGH END MULTI PROCESSING, LLC.,

                                  Plaintiff,

                -against-

CANNABIS REFINERY LEASING, INC. AND
APPLIED EXTRACTS, INC.,

                                  Defendants.
-------------------------------------------------------------------X

**DEFENDANTS' ANSWER AND COUNTERCLAIMS**

Index No. 19-CV-199
(FJS/DEP)

    Defendants CANNABIS REFINERY LEASING, INC. and APPLIED EXTRACTS, INC. ("Defendants"), by their attorney, Todd Wengrovsky, for their Answer and Defenses, states as follows upon information and belief:

## "PARTIES" SECTION OF THE COMPLAINT

    1. Defendants admit the allegation of this Paragraph of the Complaint.

    2. Defendants admit the allegations of this Paragraph of the Complaint.

    3. Defendants admit the allegations of this Paragraph of the Complaint.

## "JURISDICTION" SECTION OF THE COMPLAINT

    4. Defendants admit the allegations of this Paragraph of the Complaint.

    5. Defendants deny each and every allegation of this Paragraph of the Complaint.

## "FACTS" SECTION OF THE COMPLAINT

6. Defendants admit the allegations of this Paragraph of the Complaint.

7. Defendants admit the allegations of this Paragraph of the Complaint.

8. Defendants admit the allegations of this Paragraph of the Complaint.

9. Defendants admit the allegations of this Paragraph of the Complaint.

10. Defendants admit the allegations of this Paragraph of the Complaint.

11. Defendants admit the allegations of this Paragraph of the Complaint.

12. Defendants admit the allegations of this Paragraph of the Complaint.

13. Defendants admit the allegations of this Paragraph of the Complaint.

14. Defendants deny each and every allegation of this Paragraph of the Complaint.

15. Defendants deny each and every allegation of this Paragraph of the Complaint.

16. Defendants admit the allegations of this Paragraph of the Complaint.

17. Defendants admit the allegations of this Paragraph of the Complaint.

18. Defendants admit the allegations of this Paragraph of the Complaint.

19. Defendants admit the allegations of this Paragraph of the Complaint.

## "COUNT I" SECTION OF THE COMPLAINT

20. Defendants repeat and incorporate by reference their replies in Paragraphs 1 through 19 herein inclusive.

21. Defendants deny each and every allegation of this Paragraph of the Complaint.

22. Defendants deny each and every allegation of this Paragraph of the Complaint.

23. Defendants deny each and every allegation of this Paragraph of the Complaint.

24. Defendants deny each and every allegation of this Paragraph of the Complaint.

25. Defendants deny each and every allegation of this Paragraph of the Complaint.

26. Defendants deny each and every allegation of this Paragraph of the Complaint.

27. Defendants deny each and every allegation of this Paragraph of the Complaint.

28. Defendants deny each and every allegation of this Paragraph of the Complaint.

29. Defendants deny each and every allegation of this Paragraph of the Complaint.

30. Defendants deny each and every allegation of this Paragraph of the Complaint.

## "COUNT II" SECTION OF THE COMPLAINT

31. Defendants repeat and incorporate by reference their replies in Paragraphs 1 through 30 herein inclusive.

32. Defendants admit the allegations of this Paragraph of the Complaint.

33. Defendants deny each and every allegation of this Paragraph of the Complaint.

34. Defendants deny each and every allegation of this Paragraph of the Complaint.

35. Defendants deny each and every allegation of this Paragraph of the Complaint.

36. Defendants deny each and every allegation of this Paragraph of the Complaint.

37. Defendants deny each and every allegation of this Paragraph of the Complaint.

## "COUNT III" SECTION OF THE COMPLAINT

38. Defendants repeat and incorporate by reference their replies in Paragraphs 1 through 37 herein inclusive.

39. Defendants deny each and every allegation of this Paragraph of the Complaint.

40. Defendants deny each and every allegation of this Paragraph of the Complaint.

41. Defendants deny each and every allegation of this Paragraph of the Complaint.

42. Defendants deny each and every allegation of this Paragraph of the Complaint.

43. Defendants deny each and every allegation of this Paragraph of the Complaint.

44. Defendants deny each and every allegation of this Paragraph of the Complaint.

"COUNT IV" SECTION OF THE COMPLAINT

45. Defendants repeat and incorporate by reference their replies in Paragraphs 1 through 44 herein inclusive.

46. Defendants deny each and every allegation of this Paragraph of the Complaint.

47. Defendants deny each and every allegation of this Paragraph of the Complaint.

48. Defendants deny each and every allegation of this Paragraph of the Complaint.

49. Defendants deny each and every allegation of this Paragraph of the Complaint.

50. Defendants deny each and every allegation of this Paragraph of the Complaint.

51. Defendants deny each and every allegation of this Paragraph of the Complaint.

52. Defendants deny each and every allegation of this Paragraph of the Complaint.

53. Defendants deny each and every allegation of this Paragraph of the Complaint.

"COUNT V" SECTION OF THE COMPLAINT

54. Defendants repeat and incorporate by reference their replies in Paragraphs 1 through 53 herein inclusive.

55. Defendants deny each and every allegation of this Paragraph of the Complaint.

56. Defendants deny each and every allegation of this Paragraph of the Complaint.

## DEFENDANTS' AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendants have not breached a contract with Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff can not demonstrate injury, impact or damage as a result of any actions by Defendants.

### FOURTH AFFIRMATIVE DEFENSE

Even if Plaintiff could demonstrate injury, impact or damage as a result of any actions by Defendants, Plaintiff failed to mitigate damages.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

Through its representations and actions, Plaintiff has waived its right to bring suit against Defendants for the subject matter identified in the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

Through its representations and actions, Plaintiff prevented Defendants from performing the obligations asserted in the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

The award sought by Plaintiff in the Complaint would unjustly enrich Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff anticipatorily repudiated the alleged agreement identified in the Complaint.

## **DEFENDANT'S COUNTERCLAIMS**

### COUNTERCLAIM I

1. Defendant / Counterclaimant Cannabis Refinery Leasing, Inc. is a Nevada corporation with a place of business at 1027 S. Claremont Street, San Mateo, California 94402.

2. Plaintiff / Counterclaim Defendant High End Multi Processing, LLC. is a New York limited liability company with a place of business at 73Railroad Avenue, Spencer, New York 14883.

3. Cannabis Refinery Leasing, Inc. ("CRL") and High End Multi Processing, LLC. ("High End") entered into an Equipment Lease Agreement dated July 12, 2018 (the "Agreement"), whereby CRL was to install a proprietary super critical carbon dioxide extraction system and related equipment at High End's facility in Spencer, New York, with High End leasing such system and related equipment. A copy of the Agreement is attached hereto as **EXHIBIT A**. The Agreement provided a specific payment schedule for same, as well as specific remedies in the event of default of

payment(s) thereunder.

4. CRL satisfied all of its material obligations under the agreement.

5. In violation of the Agreement, however, High End failed to make required payments.

6. Specifically, High End failed to remit non-refundable payments in the amount of $225,000 due on September 14, 2018, $25,000 due on October 12, 2018, and $50,000 due in November, 2018 pursuant to a First Amended of the Agreement.

7. In addition, CRL demands all amounts due under the remaining term of the lease , including all minimum lease fees.

8. Moreover, pursuant to Section 1(c) of the Agreement, CRL is entitled to interest in the amount of 12% per annum on all funds due.

9. Finally, pursuant to Section, 26(g) of the Agreement, CRL is entitled to reimbursed of all legal fees incurred as a result of High End's breach.

10. The aforementioned acts and omissions of High End are listed as examples of breach of the Agreement only, and CRL reserves the right to amend its pleadings to recite additional infractions.

11. By reason of all of the foregoing, High End breached the terms of the Agreement, and also breached the implied covenants of good faith and fair dealing.

12. Due to High End's repeated breach, CRL has been damaged in an amount to be determined at trial.

## COUNTERCLAIM II

13. CRL repeats and incorporates by reference its statements in Counterclaim Paragraphs 1 through 12 herein inclusive.

14. CRL and High End entered into an Equipment Lease Agreement dated July 12, 2018, whereby CRL was to install a proprietary super critical carbon dioxide extraction system and related equipment at High End's facility in Spencer, New York, with High End leasing such system and related equipment.  The Agreement provided a specific payment schedule for same, as well as specific remedies in the event of default of payment(s) thereunder.

15. As described herein, High End breached the Agreement by failing to make required payments.

16. Pursuant to Section 14 of the Agreement, an "Event of Default" includes failure to pay any fee within thirty business days of receipt of a Notice of Occurrence of an Event of Default.

17. Pursuant to Section 14(a) of the Agreement, CRL served High End with a Notice of Termination and Occurrence of an Event of Default on February 20, 2019 via Federal Express, a copy of which is attached hereto as **EXHIBIT B**.

18. Thirty business days have now passed since such Notice was served on High End.  As such, CRL has the express right to exercise any remedy provided by Section 15 of the Agreement.  Such remedies include exercising any right available under the Uniform Commercial Code, which includes entering the High End premises to retrieve any and all installed equipment.  CRL has filed UCC Financing Statement Number 201904028147087 with the New York Department of State covering the following equipment: Applied Extracts AE-110 Supercritical CO2 Extractor, Tradewind 2.2 hp In-Line Chiller, and Lewa LDE-1 High Pressure Pump.  A copy of the UCC filing is attached

hereto as **EXHIBIT C**.

19. CRL therefore requests an Order allowing CRL and/or its agents or representatives to enter the High End premises and retrieve such equipment pursuant to the Remedies provisions of Section 15 of the Agreement.

**WHEREFORE**, Defendant respectfully requests this Court to grant judgment in its favor, order all claims of the Complaint dismissed with prejudice, award Defendant all costs, expenses, disbursements and fees incurred herein, including interest and reasonable attorneys' fees, issue an Order allowing CRL and/or its agents or representatives to enter the High End premises and retrieve any and all installed equipment, and such other, further and different relief as the Court may deem just and proper.

Dated:  Calverton, New York.
         April 22, 2019

                                          /s/ Todd Wengrovsky
                                        Todd Wengrovsky - TW4823
                                        Law Offices of Todd Wengrovsky, PLLC.
                                        285 Southfield Road, Box 585
                                        Calverton, NY 11933
                                        Tel (631) 727-3400
                                        Fax (631) 727-3401
                                        E-Mail: contact@twlegal.com
                                        *Attorney for Defendants*